Approved: _____
PATRICK EGAN
Assistant United States Attorney

Before:   HONORABLE RONALD L. ELLIS
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :   **SEALED COMPLAINT**

       - v. -                       :   Violation of
                                        18 U.S.C. § 922(g)(1)
KELVIN GIL,                         :
  a/k/a "Kalvin Gil,"                   COUNTY OF OFFENSE:
                                    :   BRONX
                    Defendant.

- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

       FINBARR FLEMING, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

                            COUNT ONE

       1.   On or about June 26, 2014, in the Southern District of New York, KELVIN GIL, a/k/a "Kalvin Gil," the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess, in and affecting commerce, a firearm, to wit, a .40 caliber Taurus firearm, which previously had been shipped and transported in interstate and foreign commerce.

       (Title 18, United States Code, Section 922(g)(1).)

       The bases for my knowledge and for the foregoing charges are, in part, as follows:

       2.   I am a Detective with the NYPD, assigned to the Bronx Robbery Squad and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law enforcement agents, witnesses and others,

as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. I have spoken with an individual ("Victim-1") and from my conversations with Victim-1, I have learned, among other things, the following:

a. On or about June 26, 2014, Victim-1 was walking towards Victim-1's car (the "Vehicle") in the vicinity of 64A Buchanan Place in the Bronx, New York (the "Robbery Scene").

b. As Victim-1 approached the Vehicle, an unidentified male ("UM-1") came up to Victim-1, displayed a silver handgun and demanded Victim-1's chain.

c. When Victim-1 refused, UM-1 drew the handgun and pointed it at Victim-1, again demanding the chain.

d. A struggle ensued and during the course of the struggle, UM-1 fired one round from the handgun.

4. I have spoken with an individual who works at the management company that runs 2114 Aqueduct Avenue in the Bronx, New York (the "Bronx Address"). From my conversations with Witness-1, I have learned, among other things, the following:

a. On or about June 26, 2014, a tenant in the building (the "Tenant") contacted the Superintendent of the Bronx Address (the "Superintendent") and reported that the Tenant had seen KELVIN GIL, a/k/a "Kalvin Gil," the defendant, place an object behind a staircase (the "Staircase") inside the Bronx Address. The Superintendent called Witness-1 who called the Police.

b. When the police arrived, the Superintendent directed them to the place where the Tenant had seen GIL.

5. I have seen video surveillance taken from inside the Bronx Address at the above date and time. While watching that video, I observed, among other things, an individual walking back and forth near the Staircase and then going behind

2

the Staircase. There were no other people who went near that area during the time period shown in the video.

6. I have spoken with a Detective in the NYPD ("Detective-1") who was assigned to investigate the above attempted robbery described in paragraph 3. From my conversations with Detective-1, I have learned, among other things, the following:

    a. The officers (the "Responding Officers") who first responded to the Robbery Scene recovered a .40 caliber shell casing (the "Shell Casing") from the location where the incident took place.

    b. The Responding Officers also recovered a cellular phone which is believed to have been dropped by UM-1 during the struggle with Victim-1.

    c. Detective-1 searched the cellphone and determined that it belonged to "Kalvin Gil" who lives at the Bronx Address.

    d. The officers who responded to the Bronx Address (the "Recovering Officers") after they had been contacted by the management company, recovered a .40 caliber Taurus firearm (the "Firearm") from behind the staircase.

    e. On or about July 2, 2014, Detective-1 interviewed KELVIN GIL, a/k/a "Kalvin Gil," the defendant. After being advised of his *Miranda* rights, the defendant stated in part and in substance, the following:

        i. GIL had attempted to take a chain from a male on Buchanan Avenue but had not been successful.

        ii. GIL had been armed with a silver .40 caliber firearm at the time.

        iii. GIL had struggled with the intended victim and, when he heard the police coming, GIL had fired one shot to scare the intended victim. When the victim let go, GIL had fled.

        iv. GIL realized later that GIL had left his cellphone at the location.

7. I have reviewed a report from the New York City Police Department Laboratory, Firearms Analysis Section, and from my review of that report, I have learned, among other things, that the Shell Casing was ejected from the Firearm.

8. Based on my training and experience, and my conversations with other law enforcement agents, including a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms, know that .40 caliber Taurus firearms are not and have never been manufactured in New York State.

9. I have reviewed criminal history records pertaining to KELVIN GIL, a/k/a "Kalvin Gil," the defendant, which show that the defendant was convicted on or about June 7, 2001, in the Supreme Court of the State of New York, Bronx County, of Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.39, a felony, which is punishable by imprisonment for more than one year.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of KELVIN GIL, a/k/a "Kalvin Gil," the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

Detective Finbarr Fleming
New York City Police Department


Sworn to before me this
5th of September, 2014

THE HONORABLE RONALD L. ELLIS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK