**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director
and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

January 15, 2016

**BY ECF AND EMAIL**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **United States v. Kelvin Gil**
      **14 Cr. 721 (JGK)**

Dear Judge Koeltl:

    I write on behalf of my client, Kelvin Gil, in response to the email that the parties received yesterday notifying us that sentencing in the above-referenced matter has been adjourned to April 1, 2016.  I respectfully request that the Court instead maintain the currently scheduled sentencing date of February 5, 2016, at 10:00 a.m.  The government has no objection to this request.

    The parties were last before the Court on November 6, 2015.  On that date, the Court raised the question, sua sponte and in light of the psychological report submitted with the defense sentencing memorandum, whether Mr. Gil is competent to be sentenced and it adjourned his sentencing to February 5, 2016, to allow time for an expert to evaluate Mr. Gil's competency.  At that time, I raised the concern that Mr. Gil would be prejudiced by the adjournment; specifically, if his federal sentencing does not proceed, as had been planned, before a state sentencing proceeding, it will negatively impact his ability to receive concurrent sentences.  See November 6, 2015 Tr. at 7–8, appended as Exhibit A.

    Mr. Gil's state sentencing was subsequently adjourned to February 8, 2016, in order to allow the federal competency review and sentencing proceedings to proceed first.  Mr. Gil's state attorney advised me however that that date is marked as a final sentencing date in the state court and that the state judge indicated that he will grant no further adjournments.

    This Court subsequently endorsed an order on consent of both parties appointing Dr. Cheryl Paradis to evaluate Mr. Gil for competency and to file her report by January 14, 2016.  See Docket Entry 72.  Dr. Paradis then evaluated Mr. Gil and determined that he is competent to be sentenced.  Her report was timely submitted to the Court by email on January 13, 2016.

In light of Dr. Paradis's clear finding of competency and the prejudice that Mr. Gil faces if his federal sentencing is again postponed until after his state sentencing, I respectfully request that the Court maintain the current sentencing date of February 5, 2016.

I have conferred with AUSA Patrick Egan concerning this request, and he advises me that the government has no objection to it.

                                              Respectfully submitted,

                                              /s/
                                              Clay Kaminsky, Esq.
                                              Assistant Federal Defender
                                              Tel: (212) 417-8749

cc:     AUSA Patrick Egan, Esq.

# EXHIBIT A

Case 1:14-cr-00721-JGK   Document 73   Filed 01/15/16   Page 3 of 14

```
                                                                     1
     FB65gilS                  sentence

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4           v.                            14 Cr. 721 (JGK)

 5   KELVIN GIL,

 6              Defendant.

 7   ------------------------------x

 8
                                           November 6, 2015
 9                                         10:30 a.m.

10
     Before:
11
                     HON. JOHN G. KOELTL,
12
                                           District Judge
13

14                       APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     BY:  PATRICK EGAN
17        JESSICA LONERGAN
          Assistant United States Attorneys
18
     FEDERAL DEFENDERS OF NEW YORK, INC.
19        Attorneys for Defendant
     BY:  JENNIFER BROWN
20        CLAY KAMINSKY

21   ALSO PRESENT:   KATE HADLEY, Paralegal

22

23

24

25

                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                              2
     FB65gilS                   sentence
```

1                (Case called)
2                THE DEPUTY CLERK:  Will all parties please state who
3     they are for the record.
4                MR. EGAN:  Patrick Egan and Jessica Lonergan for the
5     government.  Good morning, your Honor.
6                MS. LONERGAN:  Good morning.
7                THE COURT:  Good morning.
8                MR. KAMINSKY:  Clay Kaminsky and Jennifer Brown for
9     Mr. Gil.  With us at counsel table is Kate Hadley, a paralegal
10    in our office.
11               THE COURT:  Good morning.  I note Mr. Gil is present.
12               Let me first ask a question.  Are there any victims in
13    the courtroom who are going to be asked to be heard at
14    sentencing?
15               MR. EGAN:  No, there are not, your Honor.
16               THE COURT:  Okay.
17               Next, in order to avoid the situation where the
18    defendant sits there and wonders what I'm going to do for a
19    long period of time, let me begin at the outset by saying that
20    I don't intend to sentence today and I will explain why in more
21    detail.  But, before I do that, I have a question.
22               In the government's memo at page 5 it says that the
23    defendant pleaded guilty to a felony of selling a firearm to an
24    undercover police officer and it refers to the presentence
25    report at paragraph 70 and 71.

```
                                                                  3
     FB65gilS                    sentence
```

1               MR. EGAN:  Correct, your Honor.  The presentence
2    report does not have the disposition.  I was just referring to
3    that conduct.  I have confirmed with the ADA that he has pled
4    guilty to criminal sale of a firearm, I believe in the third
5    degree.  I can get a date-specific for the Court.  And I
6    believe he is due to be sentenced on that on Monday.
7               THE COURT:  Okay.  Doesn't that change the Criminal
8    History points?  It certainly doesn't change the Criminal
9    History Category.
10              MR. EGAN:  It doesn't change the Criminal History
11   Category.  I would have to look at the -- I don't know if he
12   had been convicted of that at the time of this conduct or
13   whether he had subsequently pled guilty after he was arrested
14   on this but it certainly would not change the Criminal History
15   Category.
16              THE COURT:  Okay.
17              MR. EGAN:  It was prior to sentencing, so.
18              THE COURT:  When?
19              MR. EGAN:  I will check.  It would change the Criminal
20   History Category.  He has not been sentenced yet so I don't
21   know we know by how many points until he is sentenced.
22              THE COURT:  Isn't there one point when a person hasn't
23   been sentenced?  But it doesn't affect the Criminal History
24   Category.
25              Let me explain to you why I am not in a position to

4
FB65gilS                    sentence

1   sentence today and then I will certainly listen to the parties.
2   In the defense materials that are given to me with the defense
3   memo there is the report from the psychologist dated October
4   16th, 2015.  It says given Mr. Gil's current presentation
5   which, by all available accounts seems to have deteriorated in
6   the past few months, it is strongly recommended that he undergo
7   psychiatric evaluation to determine if psychotropic medication
8   such as an anti-psychotic drug could be beneficial to address
9   his psychotic beliefs.  It goes on to recommend that the
10  defendant receive psychotropic medication and cognitive
11  behavioral therapy.
12          As a starting point, if I were to sentence the
13  defendant today the defendant is committed to the custody of
14  the Bureau of Prisons.  What his medical treatment is by the
15  Bureau of Prisons, whether it be by any specific medication or
16  not is a matter for the Bureau of Prisons.  I can make
17  recommendations but that's for the Bureau of Prisons.
18          More generally, the report and the defense submission
19  raises a question with respect to the defendant's competence to
20  be sentenced.  The report indicates that defense counsel got a
21  report from Dr. Drob which indicated that the defendant was
22  competent to go to trial but there is no report that indicates
23  that the defendant is competent to be sentenced.  The
24  psychologist says his condition has deteriorated, says that --
25  refers to the defendant's psychosis.  There are indications

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
                                                        5
     FB65gilS                   sentence
```

1  that the relations between the defendant and counsel are
2  somewhat difficult.  The report indicates other reasons
3  including delusions to raise questions.  Those questions may
4  not be well-founded and the standard for competence for
5  purposes of sentence differ somewhat from competence to be
6  tried.  While the standard is the same, the application is
7  somewhat different and I have written on that in the past,
8  Judge Weinstein has written on that in the past because the
9  level of participation that is necessary for the defendant at
10 sentence is somewhat different from the participation that's
11 necessary at trial and the decisions that the defendant has to
12 make in terms of sentence are somewhat different from those at
13 trial.  But, I couldn't go toward to sentence with the
14 questions that have been raised in the record without a report
15 from a psychiatrist that provides me with the medical
16 information that the defendant is competent to be sentenced.
17         I recommend to you, in terms of thinking about a
18 psychiatrist to do the report Dr. Kleinman, who has done other
19 reports with respect to the competence of defendants both to go
20 to trial and to be sentenced.
21         So, that's my observation of all the papers and the
22 reason why I didn't believe that I could sentence today.  Now,
23 I am perfectly happy to listen to the parties.
24         (Defendant and counsel conferring)
25         THE COURT:  I also add, by the way, it is in no one's

```
                                                                6
     FB65gilS                   sentence
```

1   interest -- not in the defendant's interest nor in the
2   government's interest -- to see the defendant sentenced with a
3   record that simply leaves open the question as to whether the
4   defendant is competent to be sentenced and that is perfectly
5   clear to me.
6            (Defendant and counsel conferring)
7            MR. EGAN:  The government obviously agrees that we
8   don't want to go forward with sentencing.  In light of that, I
9   think if we can adjourn to get that report, that's fine.  And
10  if it makes sense based on what the report says for us to have
11  him evaluated by -- I mean, I don't think it will be necessary
12  but depending on what the report says it may be that the
13  government wants to have their own person evaluate the
14  defendant unless there is -- you were specifically --
15           THE COURT:  I would issue an order which the parties
16  usually agree upon as to wording because there is specific
17  provision of the statute that allows for the defendant to be
18  evaluated for purposes of competency to be sentenced.  There is
19  an order and often times the parties agree on the psychiatrist
20  to do it.  One reason that I put forward Dr. Kleinman is he has
21  given reports that have led to findings both of competence and
22  not competence and I suspect that both sides are familiar with
23  Dr. Kleinman.  So, certainly I'm not requiring that he be the
24  psychiatrist, I'm simply indicating that there should be a
25  report.  And, by all means, if the parties think that there

```
                                                              7
     FB65gilS                  sentence
```

1   ought to be two reports, let there be two reports.

2           MR. KAMINSKY:  Your Honor, if I may?

3           It would be our preference to go forward today, and

4   that's aside from Mr. Gil's anxiousness to know, the fact that

5   his family is here.  Let me add, there are a couple reasons why

6   we would prefer to go forward today.

7           First, I have no doubt that he is competent to be

8   sentenced and I don't believe that Dr. Tussy was raising that

9   issue either.  She was not asked to opine on competence.  We

10  asked her to address the narrow topics that are in her report

11  for the purposes of sentencing.

12          THE COURT:  She wasn't asked to opine on competence to

13  be sentenced.

14          MR. KAMINSKY:  I discussed it with her.  I don't

15  believe she would say that he is not competent to be sentenced.

16          THE COURT:  That's comforting but, you know, the law,

17  by the way is clear, that if there is a question with respect

18  to competence it's an obligation not only of the parties but of

19  the Court from the most basic responsibility of the Court at

20  sentence.  The Court couldn't go forward if the Court had

21  questions based on the materials and that's not something that

22  the parties can waive for the Court.

23          MR. KAMINSKY:  I understand that, your Honor.

24          Let me raise just one more thing which is my concern

25  that if we don't go forward today my client will be prejudiced.

```
                                                                  8
       FB65gilS                    sentence
```

1    As Mr. Egan already mentioned to the Court, Mr. Gil is
2    scheduled to be sentenced on a state case on Monday and I
3    understand the way the primary and secondary jurisdiction, he
4    is more likely to get concurrent rather than consecutive time
5    if the federal sentencing proceeds first before the state
6    sentencing.
7            THE COURT:  More likely to get concurrent time in the
8    state.
9            MR. KAMINSKY:  That's correct.  And I understand -- I
10   understand that that's the way it works.
11           THE COURT:  Yes.  It would be somewhat remarkable to
12   me, though not unthinkable, if a federal judge said I'm not
13   going to go forward to sentence the defendant today because I
14   have questions whether the defendant is competent to be
15   sentenced and the state court judge then said, okay, let's go
16   forward to sentencing on Monday because he is being examined as
17   to whether he is competent to be sentenced.  Now, maybe that
18   will happen.  The other thing that is available is a simple
19   request for an adjournment of the state court sentence.
20           So, there are obviously alternatives available to the
21   defense in terms of the state court.  With respect to this
22   sentence, based upon the report it is, first of all, it's not
23   reasonable under the law to proceed when questions are raised
24   with a defendant's competence to be sentenced.  It is just not.
25           Second, from both sides, simply practical

```
                                                                9
        FB65gilS                 sentence
```

1  considerations, this would not be the last time that the issue
2  of competence to be sentenced could be raised and the record is
3  perfectly clear that the defendant was examined with respect to
4  competence to be tried and got a report but not competence to
5  be sentenced.  And so, you can all figure out the additional
6  times, if I were to go forward on this record, when the issue
7  of competence to be sentenced could be raised.  You can just
8  check out the cases where that issue is raised.  But I simply
9  give that to you as advice to the lawyers on both sides.
10             I have an obligation not to go forward with a sentence
11 when I have questions raised by the record with respect to the
12 defendant's competence to be sentenced and that really is the
13 end of the discussion.  Of course, I listen to both parties for
14 anything that they would like to tell me but it's my
15 obligation, and for the reasons that I have already explained
16 it is necessary to have an evaluation of the defendant's
17 competence to be sentenced.
18             MR. EGAN:  Your Honor, just briefly.
19             Obviously, in light of the Court's concerns, the
20 government agrees it's prudent and you said the Court, as you
21 pointed out, has its own independent obligation.  To the extent
22 it assuages my concerns it is my understanding from talking to
23 the ADA that the very reason that the sentence is on Monday is
24 they are aware of that particular quirk and they are
25 deliberately putting their sentence on for after the federal

```
                                                                   10
        FB65gilS                       sentence
```

1    sentencing.  Their sentencing has already been adjourned in the
2    past.  When we leave here I will be happy to notify the ADA
3    that this happened and I can't speak to, but I assume that both
4    in light of the Court's concerns here but also their own
5    preference, I think to have the state sentence occur after the
6    federal sentencing, that they will likely adjourn the
7    sentencing on Monday.
8            THE COURT:  Fine.  And if it is necessary, you know, I
9    certainly recommend that the parties attempt to adjourn the
10   state court sentence so that, consistent with the parties'
11   desire, the federal sentence goes first.  And so, you could
12   convey that to, respectfully, to the state court authorities.
13           MR. KAMINSKY:  Your Honor, I don't know the
14   psychiatrist's schedule, but perhaps if we could have six or
15   eight weeks to get your Honor the report that has been
16   requested?
17           THE COURT:  I am happy to set the case down for two
18   months.  That's more than enough time to get the evaluation,
19   the report from the psychiatrist.  The parties should give me a
20   proposed order ordering the examination of the defendant under
21   the statute for competence to be sentenced.
22           Sentence adjourned to February 5, 2016 at 10:00 a.m.
23   You should get me the order as soon as possible.  You should
24   ask for the report as soon as possible.  If there are any, and
25   there should be, a further submission in connection with

```
                                                                  11
     FB65gilS                    sentence
```

1   sentence and the parties should make those submissions; no

2   reason that they have to be staggered.  Both sides should make

3   any submissions 14 days before sentence and response, if any,

4   eight days before sentence.

5             Okay?  Do the parties want to tell me anything else?

6             MR. KAMINSKY:  Your Honor, can we clarify the date?  I

7   heard February 5th at 10:00 a.m., is that correct.

8             THE COURT:  February 5th at 10:00 a.m., and

9   submissions 14 days before sentence, any response is eight days

10  before sentence.

11            MR. KAMINSKY:  Thank you, your Honor.

12            THE COURT:  Okay.  Thank you, all.

13                              o0o

14

15

16

17

18

19

20

21

22

23

24

25