**Federal Defenders**
**OF NEW YORK, INC.**

Southern District
52 Duane Street- 10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
*Executive Director*
*and Attorney-in-Chief*

*Southern District of New York*
*Jennifer L. Brown*
*Attorney-in-Charge*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 1-19-16

January 15, 2016

**BY ECF AND EMAIL**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Sentence re-scheduled for 2/5 at 4:00 P.M.
So ordered.
JG Koeltl
U.S.D.J.
1/16/16

**Re:** **United States v. Kelvin Gil**
**14 Cr. 721 (JGK)**

Dear Judge Koeltl:

I write on behalf of my client, Kelvin Gil, in response to the email that the parties received yesterday notifying us that sentencing in the above-referenced matter has been adjourned to April 1, 2016. I respectfully request that the Court instead maintain the currently scheduled sentencing date of February 5, 2016, at 10:00 a.m. The government has no objection to this request.

The parties were last before the Court on November 6, 2015. On that date, the Court raised the question, sua sponte and in light of the psychological report submitted with the defense sentencing memorandum, whether Mr. Gil is competent to be sentenced and it adjourned his sentencing to February 5, 2016, to allow time for an expert to evaluate Mr. Gil's competency. At that time, I raised the concern that Mr. Gil would be prejudiced by the adjournment; specifically, if his federal sentencing does not proceed, as had been planned, before a state sentencing proceeding, it will negatively impact his ability to receive concurrent sentences. See November 6, 2015 Tr. at 7–8, appended as Exhibit A.

Mr. Gil's state sentencing was subsequently adjourned to February 8, 2016, in order to allow the federal competency review and sentencing proceedings to proceed first. Mr. Gil's state attorney advised me however that that date is marked as a final sentencing date in the state court and that the state judge indicated that he will grant no further adjournments.

This Court subsequently endorsed an order on consent of both parties appointing Dr. Cheryl Paradis to evaluate Mr. Gil for competency and to file her report by January 14, 2016. See Docket Entry 72. Dr. Paradis then evaluated Mr. Gil and determined that he is competent to be sentenced. Her report was timely submitted to the Court by email on January 13, 2016.

In light of Dr. Paradis's clear finding of competency and the prejudice that Mr. Gil faces if his federal sentencing is again postponed until after his state sentencing, I respectfully request that the Court maintain the current sentencing date of February 5, 2016.

I have conferred with AUSA Patrick Egan concerning this request, and he advises me that the government has no objection to it.

Respectfully submitted,

/s/
Clay Kaminsky, Esq.
Assistant Federal Defender
Tel: (212) 417-8749

cc:   AUSA Patrick Egan, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,

v. 14 Cr. 721 (JGK)

KELVIN GIL,

Defendant.

------------------------------x

November 6, 2015
10:30 a.m.

Before:

HON. JOHN G. KOELTL,

District Judge

APPEARANCES

PREET BHARARA
United States Attorney for the
Southern District of New York
BY: PATRICK EGAN
JESSICA LONERGAN
Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK, INC.
Attorneys for Defendant
BY: JENNIFER BROWN
CLAY KAMINSKY

ALSO PRESENT: KATE HADLEY, Paralegal

(Case called)

THE DEPUTY CLERK: Will all parties please state who they are for the record.

MR. EGAN: Patrick Egan and Jessica Lonergan for the government. Good morning, your Honor.

MS. LONERGAN: Good morning.

THE COURT: Good morning.

MR. KAMINSKY: Clay Kaminsky and Jennifer Brown for Mr. Gil. With us at counsel table is Kate Hadley, a paralegal in our office.

THE COURT: Good morning. I note Mr. Gil is present.

Let me first ask a question. Are there any victims in the courtroom who are going to be asked to be heard at sentencing?

MR. EGAN: No, there are not, your Honor.

THE COURT: Okay.

Next, in order to avoid the situation where the defendant sits there and wonders what I'm going to do for a long period of time, let me begin at the outset by saying that I don't intend to sentence today and I will explain why in more detail. But, before I do that, I have a question.

In the government's memo at page 5 it says that the defendant pleaded guilty to a felony of selling a firearm to an undercover police officer and it refers to the presentence report at paragraph 70 and 71.

MR. EGAN: Correct, your Honor. The presentence report does not have the disposition. I was just referring to that conduct. I have confirmed with the ADA that he has pled guilty to criminal sale of a firearm, I believe in the third degree. I can get a date-specific for the Court. And I believe he is due to be sentenced on that on Monday.

THE COURT: Okay. Doesn't that change the Criminal History points? It certainly doesn't change the Criminal History Category.

MR. EGAN: It doesn't change the Criminal History Category. I would have to look at the -- I don't know if he had been convicted of that at the time of this conduct or whether he had subsequently pled guilty after he was arrested on this but it certainly would not change the Criminal History Category.

THE COURT: Okay.

MR. EGAN: It was prior to sentencing, so.

THE COURT: When?

MR. EGAN: I will check. It would change the Criminal History Category. He has not been sentenced yet so I don't know we know by how many points until he is sentenced.

THE COURT: Isn't there one point when a person hasn't been sentenced? But it doesn't affect the Criminal History Category.

Let me explain to you why I am not in a position to

sentence today and then I will certainly listen to the parties. In the defense materials that are given to me with the defense memo there is the report from the psychologist dated October 16th, 2015. It says given Mr. Gil's current presentation which, by all available accounts seems to have deteriorated in the past few months, it is strongly recommended that he undergo psychiatric evaluation to determine if psychotropic medication such as an anti-psychotic drug could be beneficial to address his psychotic beliefs. It goes on to recommend that the defendant receive psychotropic medication and cognitive behavioral therapy.

As a starting point, if I were to sentence the defendant today the defendant is committed to the custody of the Bureau of Prisons. What his medical treatment is by the Bureau of Prisons, whether it be by any specific medication or not is a matter for the Bureau of Prisons. I can make recommendations but that's for the Bureau of Prisons.

More generally, the report and the defense submission raises a question with respect to the defendant's competence to be sentenced. The report indicates that defense counsel got a report from Dr. Drob which indicated that the defendant was competent to go to trial but there is no report that indicates that the defendant is competent to be sentenced. The psychologist says his condition has deteriorated, says that -- refers to the defendant's psychosis. There are indications

that the relations between the defendant and counsel are somewhat difficult. The report indicates other reasons including delusions to raise questions. Those questions may not be well-founded and the standard for competence for purposes of sentence differ somewhat from competence to be tried. While the standard is the same, the application is somewhat different and I have written on that in the past, Judge Weinstein has written on that in the past because the level of participation that is necessary for the defendant at sentence is somewhat different from the participation that's necessary at trial and the decisions that the defendant has to make in terms of sentence are somewhat different from those at trial. But, I couldn't go toward to sentence with the questions that have been raised in the record without a report from a psychiatrist that provides me with the medical information that the defendant is competent to be sentenced.

I recommend to you, in terms of thinking about a psychiatrist to do the report Dr. Kleinman, who has done other reports with respect to the competence of defendants both to go to trial and to be sentenced.

So, that's my observation of all the papers and the reason why I didn't believe that I could sentence today. Now, I am perfectly happy to listen to the parties.

(Defendant and counsel conferring)

THE COURT: I also add, by the way, it is in no one's

interest -- not in the defendant's interest nor in the government's interest -- to see the defendant sentenced with a record that simply leaves open the question as to whether the defendant is competent to be sentenced and that is perfectly clear to me.

(Defendant and counsel conferring)

MR. EGAN: The government obviously agrees that we don't want to go forward with sentencing. In light of that, I think if we can adjourn to get that report, that's fine. And if it makes sense based on what the report says for us to have him evaluated by -- I mean, I don't think it will be necessary but depending on what the report says it may be that the government wants to have their own person evaluate the defendant unless there is -- you were specifically --

THE COURT: I would issue an order which the parties usually agree upon as to wording because there is specific provision of the statute that allows for the defendant to be evaluated for purposes of competency to be sentenced. There is an order and often times the parties agree on the psychiatrist to do it. One reason that I put forward Dr. Kleinman is he has given reports that have led to findings both of competence and not competence and I suspect that both sides are familiar with Dr. Kleinman. So, certainly I'm not requiring that he be the psychiatrist, I'm simply indicating that there should be a report. And, by all means, if the parties think that there

ought to be two reports, let there be two reports.

MR. KAMINSKY: Your Honor, if I may?

It would be our preference to go forward today, and that's aside from Mr. Gil's anxiousness to know, the fact that his family is here. Let me add, there are a couple reasons why we would prefer to go forward today.

First, I have no doubt that he is competent to be sentenced and I don't believe that Dr. Tussy was raising that issue either. She was not asked to opine on competence. We asked her to address the narrow topics that are in her report for the purposes of sentencing.

THE COURT: She wasn't asked to opine on competence to be sentenced.

MR. KAMINSKY: I discussed it with her. I don't believe she would say that he is not competent to be sentenced.

THE COURT: That's comforting but, you know, the law, by the way is clear, that if there is a question with respect to competence it's an obligation not only of the parties but of the Court from the most basic responsibility of the Court at sentence. The Court couldn't go forward if the Court had questions based on the materials and that's not something that the parties can waive for the Court.

MR. KAMINSKY: I understand that, your Honor.

Let me raise just one more thing which is my concern that if we don't go forward today my client will be prejudiced.

As Mr. Egan already mentioned to the Court, Mr. Gil is scheduled to be sentenced on a state case on Monday and I understand the way the primary and secondary jurisdiction, he is more likely to get concurrent rather than consecutive time if the federal sentencing proceeds first before the state sentencing.

THE COURT: More likely to get concurrent time in the state.

MR. KAMINSKY: That's correct. And I understand -- I understand that that's the way it works.

THE COURT: Yes. It would be somewhat remarkable to me, though not unthinkable, if a federal judge said I'm not going to go forward to sentence the defendant today because I have questions whether the defendant is competent to be sentenced and the state court judge then said, okay, let's go forward to sentencing on Monday because he is being examined as to whether he is competent to be sentenced. Now, maybe that will happen. The other thing that is available is a simple request for an adjournment of the state court sentence.

So, there are obviously alternatives available to the defense in terms of the state court. With respect to this sentence, based upon the report it is, first of all, it's not reasonable under the law to proceed when questions are raised with a defendant's competence to be sentenced. It is just not.

Second, from both sides, simply practical

considerations, this would not be the last time that the issue of competence to be sentenced could be raised and the record is perfectly clear that the defendant was examined with respect to competence to be tried and got a report but not competence to be sentenced. And so, you can all figure out the additional times, if I were to go forward on this record, when the issue of competence to be sentenced could be raised. You can just check out the cases where that issue is raised. But I simply give that to you as advice to the lawyers on both sides.

I have an obligation not to go forward with a sentence when I have questions raised by the record with respect to the defendant's competence to be sentenced and that really is the end of the discussion. Of course, I listen to both parties for anything that they would like to tell me but it's my obligation, and for the reasons that I have already explained it is necessary to have an evaluation of the defendant's competence to be sentenced.

MR. EGAN: Your Honor, just briefly.

Obviously, in light of the Court's concerns, the government agrees it's prudent and you said the Court, as you pointed out, has its own independent obligation. To the extent it assuages my concerns it is my understanding from talking to the ADA that the very reason that the sentence is on Monday is they are aware of that particular quirk and they are deliberately putting their sentence on for after the federal

sentencing. Their sentencing has already been adjourned in the past. When we leave here I will be happy to notify the ADA that this happened and I can't speak to, but I assume that both in light of the Court's concerns here but also their own preference, I think to have the state sentence occur after the federal sentencing, that they will likely adjourn the sentencing on Monday.

THE COURT: Fine. And if it is necessary, you know, I certainly recommend that the parties attempt to adjourn the state court sentence so that, consistent with the parties' desire, the federal sentence goes first. And so, you could convey that to, respectfully, to the state court authorities.

MR. KAMINSKY: Your Honor, I don't know the psychiatrist's schedule, but perhaps if we could have six or eight weeks to get your Honor the report that has been requested?

THE COURT: I am happy to set the case down for two months. That's more than enough time to get the evaluation, the report from the psychiatrist. The parties should give me a proposed order ordering the examination of the defendant under the statute for competence to be sentenced.

Sentence adjourned to February 5, 2016 at 10:00 a.m. You should get me the order as soon as possible. You should ask for the report as soon as possible. If there are any, and there should be, a further submission in connection with

sentence and the parties should make those submissions; no reason that they have to be staggered. Both sides should make any submissions 14 days before sentence and response, if any, eight days before sentence.

Okay? Do the parties want to tell me anything else?

MR. KAMINSKY: Your Honor, can we clarify the date? I heard February 5th at 10:00 a.m., is that correct.

THE COURT: February 5th at 10:00 a.m., and submissions 14 days before sentence, any response is eight days before sentence.

MR. KAMINSKY: Thank you, your Honor.

THE COURT: Okay. Thank you, all.

o0o